[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16246 & 16-17312
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60035-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRLOS JAAMIN KAGERA TYNDALE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(June 29, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Karrlos Jaamin Kagera Tyndale appeals his convictions and sentences for making a false statement on a passport application, in violation of 18 U.S.C. § 1542, and for aggravated identity theft, in violation of 18 U.S.C. § 1028A. On appeal, Tyndale argues that there was insufficient evidence to sustain his convictions and that his sentences were procedurally and substantively unreasonable.

## I.

We review de novo whether the evidence was sufficient to sustain a criminal conviction, "viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The evidence will be sufficient if "a reasonable trier of fact could find that [it] established [the defendant's] guilt beyond a reasonable doubt." *Id.* at 1285 (internal quotation marks omitted).

To convict a defendant for making a false statement in an application for a U.S. passport, the government must prove that the defendant "willfully and knowingly ma[de a] false statement in an application for [a U.S.] passport with [the] intent to induce or secure the issuance of the passport." *See* 18 U.S.C. § 1542.

To convict a defendant for aggravated identity theft, the government must prove the "knowing[] transfer[], possess[ion], or use[], without lawful authority, [of] a means of identification of another person," in relation to certain enumerated felonies. 18 U.S.C. § 1028A(a)(1), (c). A violation of 18 U.S.C. § 1542 is one of the enumerated felonies. *Id.* § 1028A(c)(7). "A means of identification can be a name, social security number, date of birth, or driver's license number, among other things." *See United States v. Doe*, 661 F.3d 550, 561 (11th Cir. 2011) (internal quotation marks omitted).

The Supreme Court has held that "§ 1028A(a)(1) requires the [g]overnment to show that the defendant knew that the means of identification at issue belonged to another person." *See Flores-Figueroa v. United States*, 556 U.S. 646, 657, 129 S. Ct. 1886, 1894 (2009). We have held that this element of the aggravated identity theft statute can be satisfied by circumstantial evidence. *See United States v. Holmes*, 595 F.3d 1255, 1258 (11th Cir. 2010) (per curiam). In *Holmes*, we concluded that there was sufficient evidence that the defendant knew the means of identification belonged to another person where the defendant used the victim's social security card and birth certificate to successfully apply for a passport and Florida driver's license and identification card. 595 F.3d at 1256–58. Witnesses from the Florida DMV and the U.S. Department of State testified that the identifying information submitted in the applications was subject to verification.

3

*Id.* at 1257. Because a reasonable jury could infer that the defendant was aware that there were verification procedures, the successful approval of the driver's license and passport applications was evidence that the defendant knew the social security card and birth certificate belonged to a real person when she later used them in connection with the offenses. *Id.* at 1258.

Here, there was sufficient evidence to sustain Tyndale's convictions. The jury heard testimony during trial that the passport acceptance clerk ensures that the photographs match the individual presenting the application. The jury was free to compare the photographs from the fraudulent passport application with Tyndale's physical appearance at trial. Based on this circumstantial evidence the jury was free to conclude that Tyndale submitted the fraudulent passport application. Also, the jury was free to conclude that Tyndale's use of the identifying information to successfully obtain a Florida driver's license was indicative of his knowledge that the identifying information belonged to a real person.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

Reviewing a sentence for reasonableness consists of a two-step process, whereby we ensure that the sentence is procedurally and substantively reasonable.

*See id.*, 552 U.S. at 51, 128 S. Ct. at 597.  "The party challenging the sentence bears the burden to show that [the sentence] is unreasonable in light of the record and the § 3553(a) factors."  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence.  *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district court is generally not required to explicitly discuss each of the § 3533(a) factors, and consideration plus a statement that it took the factors into account is sufficient.  *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Here, the district court committed no procedural error when sentencing Tyndale.  The district court noted that the Guidelines range was advisory, noted that it considered the § 3553(a) factors, did not rely on an inappropriate sentencing factor, and adequately explained the sentence.

5

We examine whether a sentence is substantively reasonable in light of "the totality of the circumstances." *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(4), (6)–(7).

Absent clear error, we will not reweigh the § 3553(a) factors. *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (internal quotation marks omitted). That a sentence falls below a statutory maximum penalty is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (noting that

the defendant's sentence was "well below" the statutory maximum when analyzing and upholding a sentence as substantively reasonable).

Tyndale's sentence was not substantively unreasonable.  Tyndale sought and successfully obtained a passport after having stolen an individual's identity. Tyndale's conduct caused an individual to fail to obtain a legitimate passport and lose job opportunities.  The district court did consider the letters provided in support of Tyndale and how they reflected on his character, his support of his family, the circumstances of the offense, and the seriousness of the crime. Furthermore, Tyndale's 34-month sentence was below the 10-year statutory maximum penalty for passport fraud, 18 U.S.C. § 1542, which is an indication of its reasonableness.  *See Gonzalez*, 550 F.3d at 1324.  Tyndale seeks to have the factors considered by the district court reweighed and that is something we will not do absent clear error.  *See Langston*, 590 F.3d at 1237.

Accordingly, we affirm.

**AFFIRMED.**